# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | No. 74246-9-I |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| STEVE THOMAS YOUNG, | ) | |
| Appellant. | ) | FILED: March 6, 2017 |
| | ) | |

DWYER, J. — Steve Young was charged and convicted of arson in the first degree. The sentencing court imposed a standard range sentence of 23 months imprisonment. On appeal, Young contends that the trial court erred in instructing the jury on the concept of reasonable doubt. This is so, he avers, because the court gave as its instruction the jury instruction defining "reasonable doubt" set forth at 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 4.01, at 85 (3d ed. 2008) (WPIC). Young contends that this instruction unconstitutionally undermines the presumption of innocence and shifts the burden of proof to the defendant. We disagree and affirm.

I

Young contends that WPIC 4.01, which states "[a] reasonable doubt is one for which a reason exists and may arise from the evidence or lack of

evidence," unconstitutionally undermines the presumption of innocence and shifts the burden of proof to the defendant. This is so, he asserts, because WPIC 4.01 instructs jurors that they must be able to articulate a reason for having a reasonable doubt. The trial court did not err in so instructing the jury.

Our Supreme Court has mandated that an instruction in the words of WPIC 4.01 be given in all cases. State v. Bennett, 161 Wn.2d 303, 318, 165 P.3d 1241 (2007). The constitutionality of the challenged instruction has been reaffirmed. State v. Kalebaugh, 183 Wn.2d 578, 586-87, 355 P.3d 253 (2015). We have recognized this controlling authority. State v. Lizarraga, 191 Wn. App. 530, 567, 364 P.3d 810 (2015), review denied, 185 Wn.2d 1022 (2016). The trial court did not err by doing the same.

In any event, WPIC 4.01 does not require jurors to articulate a reason. "[A] doubt for which a reason exists" is not the same as "a doubt for which a reason can be given." Kalebaugh, 183 Wn.2d at 584. Young's argument is meritless.

## II

Young requests that no costs associated with his appeal be assessed against him, as he was found indigent by the trial court. Pursuant to RAP 14.2, we may exercise our discretion not to impose appellate costs. State v. Sinclair, 192 Wn. App. 380, 393, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016). The State does not contest his claim. Accordingly, we exercise our discretion and will not impose appellate costs against Young.

No.74246-9-I/3

Affirmed.

_____
Dwyer, J.

We concur:

_____
Becker, J.

_____
Cox, J.